TOZAI KOEKI KAISHA, LTD., Plaintiff, *v.* TRANS-AMERICA INDUSTRIES, INC., et al., Defendants.

Supreme Court, Special Term, New York County, June 23, 1954.

*Martin Evans* for Hudson Shipping Co., Inc., and others, defendants.

*Ludwig Schiffer* for Unex Credit Corp., defendant.

*Kunstler & Kunstler* for Trans-American Industries, Inc., and others, defendants.

*Lundgren, Lincoln, Peterson & McDaniel* for plaintiff.

GELLER, J. Motion to preclude is denied upon condition that plaintiff serve a further bill of particulars limited to the date referred to in item 9(a) within twenty days after service of a

copy of this order together with notice of entry thereof. In its bill of particulars served November 10, 1953, plaintiff undertook to supply such date after completion of certain examinations before trial; and such examinations have been completed.

The reasons for denial of the other desired items are as follows: Although plaintiff also undertook to furnish further particulars called for by items 8(a) and 10(d) after completion of the said examinations, it appears that the officer of the moving defendant who was examined on these matters claimed a constitutional privilege against testifying. A party may not require particulars of facts within its own peculiar knowledge while withholding testimony thereon.

Item 9(b) seems sufficiently covered by particulars already furnished. Furthermore, it also relates to matters on which the moving defendant has refused to testify.

All the remaining items were denied by order of Mr. Justice DI FALCO dated September 10, 1953, disposing of this defendant's original motion for a bill of particulars. Furthermore, several of them involve matters on which defendant likewise refused to testify.

Defendant, in endeavoring to avoid the effect of said order, relies on an alleged agreement by plaintiff's counsel to furnish particulars of said remaining items. The alleged agreement is claimed to be evidenced by plaintiff's service of a further bill covering the items involved, but it is asserted by plaintiff's counsel that such bill was furnished gratuitously and in any case was accepted by defendant. Under subdivision (d) of rule 115 of the Rules of Civil Practice, an order of preclusion must be predicated upon an order obtained to furnish particulars or a demand for such particulars served in pursuance of such rule. Certain it is that the court will not preclude in the face of a prior order rejecting the items presently desired, simply on the strength of an alleged and disputed commitment by counsel.